■ In the Matter of VICTOR K., an Infant. ROBERT L. et al., Respondents; TODAY's ADOPTION AGENCY, Appellant. [636 NYS2d 479] —White, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered September 2, 1994, which, in a proceeding pursuant to Domestic Relations Law article 7, directed a refund of the adoption agency fee paid by petitioners to Today's Adoption Agency.

Today's Adoption Agency (hereinafter TAA) appears from

the record to be a Pennsylvania corporation licensed to transact business in this State, pursuant to Not-For-Profit Corporation Law article 13 and approved by the Department of Social Services. Petitioners, in May 1991, arranged with TAA for the adoption of a child from Chile and in the process paid $14,700 in fees. However, they were advised by TAA in April 1992 that due to problems in Chile regarding international adoptions, the matter would be delayed indefinitely. As a result of a lengthy delay and correspondence from TAA indicating that the adoption might not be completed, petitioners made two trips to Chile and in June 1993 returned with the prospective adoptive child and proceeded with the adoption without the assistance of TAA. Family Court, concerned about the practices of TAA and its failure to provide the services for which it was paid, treated the adoption as a private placement adoption and directed TAA to refund all fees received from petitioners. TAA now appeals.

Although, as a general rule, no fees may be charged in a private placement adoption (*see, Matter of Tersigni [Carballo]*, 137 Misc 2d 553), an authorized agency may charge a fee for reasonable and necessary expenses in connection with the placement of a child (*see*, Social Services Law § 374 [6]). Petitioners contend that TAA is not an authorized agency within the meaning of Social Services Law § 371 (10) and thus is not entitled to a fee, although from the sparse record before us it appears this matter was originally intended to be an agency adoption. In addition, Family Court has characterized this proceeding as a private placement adoption and unquestionably has broad powers to regulate not only fees charged by adoption agencies but also remuneration paid in private placement adoptions (*see*, Domestic Relations Law §§ 112, 115).

However, it is a fundamental requirement of due process that a person be afforded notice and an opportunity to be heard before being deprived of a property right (*see, Mullane v Central Hanover Trust Co.*, 339 US 306). Since TAA was not a party to the proceeding in Family Court and was provided with neither notice nor an opportunity to be heard, we find that whether this proceeding is designated as either an agency adoption or a private placement adoption, the matter should be remitted for a hearing regarding said refund.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.